# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE, et al.,

      Plaintiffs,

v.                                            No. 1:19-cv-00924-WJ-SCY

ALBUQUERQUE METRO DETENTION CENTER, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint and Request for Injunction, Doc. 7, filed November 4, 2019 ("Second Amended Complaint").

Plaintiff filed his original Complaint against the Metro Detention Center ("MDC") and the "Correction Officers, All Person[ne]l and Staff," on behalf of himself and every other past, current and future inmate at the MDC. Doc. 1 at 1-2, filed October 1, 2019.

The Court notified Plaintiff that the Complaint fails to state a claim against Defendant Metro Detention Center because it is not a separate suable entity. *See* Order at 3, Doc. 5, filed October 10, 2019. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

The Court also notified Plaintiff that the Complaint fails to state a claim against the individual Defendants because Plaintiff did not allege with particularity what each Defendant did to Plaintiff and when they did it. *See* Doc. 5 at 3 (stating "The individual Defendants would not know what wrongdoing he or she is alleged to have committed based on Plaintiff's vague

allegations against unnamed individuals regarding events on unspecified dates 'on several occasions in 2017-18.'"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Finally, the Court notified Plaintiff that the Complaint could be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, and granted Plaintiff leave to file an amended complaint.

Plaintiff's Second Amended Complaint also fails to state a claim. Despite the Court notifying Plaintiff that Defendant Metro Detention Center is not a suable entity, the Second Amended Complaint names Metro Detention Center as a Defendant. And despite the Court notifying Plaintiff that the Complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice," the Second Amended Complaint does not identify the individual Defendants or state what each individual Defendant did and when they did it. Doc. 5 at 3 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)).

**IT IS ORDERED** that this case is **DISMISSED with prejudice.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**